**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
SCHERIL FERNANDEZ,

                              Plaintiff,                **COMPLAINT**

              - against -

LABORATORY CORPORATION OF AMERICA,      **PLAINTIFF DEMANDS**
ACTALENT SERVICES, LLC                               **A TRIAL BY JURY**

                              Defendant.
---------------------------------------------------------X

Plaintiff SCHERIL FERNANDEZ ("Plaintiff") by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. §§ 2000e(k) (the "PDA"), the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-502(a) *et seq.*, and seeking damages to redress the injuries she has suffered **as a result of being discriminated and ultimately terminated on the basis of her sex/gender and her pregnancy**.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's claims under the NYSHRL and the NYCHRL pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred within the Eastern District of New York.

5. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 24, 2022, (b) receiving a Notice of Right to Sue from the EEOC on April 25, 2023, (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC, and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as **"Exhibit A;"** a copy of the transmittal letter to the NYCCHR *et ano.* is annexed hereto as **"Exhibit B."**

## PARTIES

6. Plaintiff is a resident of the State of New York and Queens County.

7. Defendant LABORATORY CORPORATION OF AMERICA ("Defendant LABCORP") is a foreign business corporation duly existing pursuant to, and by virtue of, the laws of the State of Delaware.

8. Defendant LABCORP operates over 2,000 physical locations, including one at 111-16 Jamaica Avenue, Richmond Hill, New York 11418.

9. Upon information and belief, Defendant LABCORP has more than fifteen employees.

10. At all relevant times, Plaintiff was an employee of Defendant LABCORP.

11. Plaintiff was told that she would be reporting to two employees of Defendant LABCORP for day-to-day operations and instructions.

12. Plaintiff obtained her employment with Defendant LABCORP through the staffing agency ACTALENT SERVICES (Defendant ACTALENT"), which places contract employees with employers, including in the medical field.

13. At all times relevant, Plaintiff was paid by Defendant ACTALENT.

14. Defendant ACTALENT is a foreign limited liability company with global headquarters located at 7301 Parkway Drive South, Hanover, Maryland 21076.

## MATERIAL FACTS

15. On or about March 29, 2022, Plaintiff began working for Defendant LABCORP in her capacity as a phlebotomist at 111-16 Jamaica Avenue, Richmond Hill, NY 11418.

16. Plaintiff secured employment through Defendant ACTALENT and specifically interacted with Engineering and Science Recruiter Alexandra Kuhnle ("Kuhnle") based out of ACTALENT's 757 Third Avenue, New York, New York 10017 office.

17. Plaintiff was being paid $19 per hour, working 35 hours per week.

18. Plaintiff's anticipated salary for 2022 was approximately $34,580.

19. In or around December 2021, Plaintiff found out she was pregnant.

20. On or about April 11, 2022, Plaintiff spoke with her supervisor Annuccia. Annuccia told Plaintiff that she was doing well at Defendant LABCORP and that Annuccia had faith that Plaintiff would do well in her position. Annuccia also mentioned that because she trusted Plaintiff, she was going to send her to another location the next day because of staff shortages.

21. The following day, Plaintiff reported to 85-21 126th Street, Queens, New York 11415 for her scheduled shift.

22. On or about April 12, 2022, while at the 126th Street location, Plaintiff informed her coworker Lucy that she was pregnant. Surprised, Plaintiff's coworker exclaimed and asked Plaintiff whether she was having a boy or a girl. Plaintiff understood that other coworkers nearby had overheard the conversation.

23. A few days later, Plaintiff was approached by her coworker Carlos who asked Plaintiff if she was indeed pregnant. Plaintiff confirmed and Carlos responded that Defendants and their employees would not be pleased to learn this information because of the way one employee's pregnancy will affect others' work schedules and duties. Plaintiff was surprised and confused by this statement and tried to brush it off.

24. That same day, Plaintiff asked Annuccia whether everyone at the location was aware that Plaintiff was pregnant. Annuccia said that she was not aware, but congratulated Plaintiff and touched Plaintiff's stomach. Plaintiff felt that Annuccia had feigned surprise, and had previously been told that Plaintiff was pregnant.

25. The next day, Annuccia again sent Plaintiff to the 126th Street location.

26. After her shift, Plaintiff contacted Kuhnle to inquire whether she was expected to work the upcoming weekend. Kuhnle responded that she would get back to Plaintiff.

27. Instead, when Plaintiff was contacted by Kuhnle, Kuhnle indicated that Defendant LABCORP did not want to work with Plaintiff anymore, and cited that Plaintiff was "not a right fit" and "could not keep up with the work" as pretextual reasons for Plaintiff's termination.

28. Shocked, Plaintiff informed Kuhnle that only a day prior, her supervisor has learned that she was pregnant and that she viewed the termination as unlawful discrimination on the basis of pregnancy.

29. Plaintiff was contacted by a coworker, Nirmala, who reported to Plaintiff while Plaintiff was working at the 85-21 126th Street location, the coworker overheard management level employees of Defendant LABCORP talking about how they were "wasting their time" on Plaintiff because she likely would not return after maternity leave.

30. To date, Plaintiff has received no further communication from Kuhnle or Defendant ACTALENT.

31. As a result of Defendants' actions, Plaintiff feels extremely humiliated, offended, disgusted, degraded, victimized, embarrassed, and emotionally distressed.

32. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

33. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

34. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

36. Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e(k) provides, in pertinent part, that:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 703(h) of this title [42 USCS § 2000e-2(h)] shall be interpreted to permit otherwise.

37. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., for relief based upon the unlawful employment practices of the Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

38. Defendants violated the sections cited herein as set forth.

39. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq*., by discriminating against Plaintiff because of her **sex/gender (female) and pregnancy**.

## AS A SECOND CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYSHRL

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

41. New York State Executive Law § Executive Law § 296 provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed,

6

        color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

42. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her **pregnancy** and **sex/gender (female)**.

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYCHRL

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

44. The New York City Administrative Code § 8-107(1) provides that:

        It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

45. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her **sex/gender (female/pregnancy)**.

## JURY DEMAND

46. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants ACTALENT and LABCORP:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the

Title VII, the NYSHRL, and the NYCHRL, in that Defendants discriminated against Plaintiff on the basis of her pregnancy and gender;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
July 12, 2023

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

By: _____
Brittany A. Stevens, Esq.
Daniela C. Mendes, Esq.
Phillips & Associates, PLLC
*Attorneys for the Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
bstevens@tpglaws.com
dmendes@tpglaws.com